UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LARRY WARD                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 3:11CV188TSL-MTP

JACKSON STATE UNIVERSITY
HENRY THOMAS                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Jackson State University (JSU) and Henry Thomas to dismiss or, in the alternative, for summary judgment. Plaintiff Larry Ward, pro se, has not filed a response to the motion and the time for responding has expired. The court, having considered JSU's motion and supporting memoranda of authorities, concludes the motion is well taken and should be granted.

Plaintiff Larry Ward became employed by Jackson State University in 2002, and worked as a Certified Business Counselor in the Small Business Development Center at JSU. On July 13, 2010, he was terminated, ostensibly for poor job performance. On October 8, 2010, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging age and disability discrimination. In his charge, plaintiff related that on April 2010, he had been placed on a sixty-day performance improvement plan by his supervisor, Henry Thomas, and claimed that

although his job performance improved, he was notified at the end of the sixty days that he was being terminated. Plaintiff alleged that the reason given, poor job performance, was pretext for age discrimination, as he was the oldest employee in the office, and for disability discrimination, as he had "episodes with [his] health that caused [him] to be away from the office." Following issuance of a notice of right toسسsue on January 11, 2011, plaintiff, acting pro se, filed the present action on April 1, 2011 against JSU and Henry Thomas, his supervisor,[1] purporting to assert claims for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.*, disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12102 *et seq.*, and 42 U.S.C. § 1981a, and for "wrongful and intentional termination," which the court will assume is brought under state law,[2] and demanding $300,000 in damages for his emotional pain and suffering resulting from his "unjust employment termination."

Defendants first argue with respect to his putative federal claims that plaintiff's complaint is barred due to plaintiff's

---

[1] Plaintiff's pro se complaint does not identify the capacity or capacities in which Thomas is sued. The court will assume he is sued in both his official and individual capacities.

[2] It is unclear whether plaintiff's reference to his "wrongful and intentional termination" is intended as merely descriptive of his termination or as a separate claim. The court will assume it is intended as a separate claim.

2

failure to timely file his charge of discrimination with the EEOC. See Garrett v. Judson Indep. School Dist., 299 Fed. Appx. 337, 343, 2008 WL 4851317, 6 (5th Cir. 208) (" A plaintiff suing for age discrimination must file a timely administrative charge with the EEOC as a precondition to filing her lawsuit."); Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam) ("The ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U .S.C. § 2000e, *et seq.*," including the requirement that a plaintiff "file a timely charge with the EEOC."). In the court's opinion, there is no merit to this contention. A timely charge is one that is filed within 180 days of the alleged discriminatory act. See 29 U.S.C. § 626(d) ("No civil action may be commenced ... until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]. Such a charge shall be filed ... within 180 days after the alleged unlawful practice occurred ..."); 42 U.S.C. § 2000e-5(e)(1)("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred....."). It is undisputed that plaintiff filed his EEOC charge well within 180 days of his termination. His charge was clearly timely, and JSU's argument to the contrary is rejected. The claims are still due to be dismissed, however, for the following reasons.

Plaintiff's ADEA claim against JSU, and against Thomas in his official capacity, is foreclosed as a matter of law based on JSU's Eleventh Amendment immunity protections. The Eleventh Amendment bars "an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir.2002) (citations omitted). This immunity "extends to any state agency or entity deemed an alter ego or arm of the state." Id. (internal quotation marks omitted). JSU is an agency of the state and entitled to Eleventh Amendment immunity absent waiver or abrogation. See Meredith v. Jackson State Univ., Civil Action No. 3:09CV303-DPJ-FKB (S.D. Miss. Feb. 17, 2012) (stating, "In both published and unpublished decisions, this Court has consistently found JSU to be an arm of the state[,]" and finding "as a matter of law that JSU is an arm of the state entitled to Eleventh Amendment immunity absent waiver...."). This immunity also applies to Thomas in his official capacity. See Washington v. Bolin, No. 11-20600, 2012 WL 5471852, 1 (5th Cir. 2012) ("Official capacity suits are treated the same as suits against the state, and Eleventh Amendment immunity applies to state officials when sued in their official capacities."). The Supreme Court has held that Congress did not abrogate the states' sovereign immunity with respect to the ADEA. See Kimel v. Fla. Bd. of Regents, 528 U.S.

4

62, 91, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000). And the Fifth Circuit has held that Mississippi has not waived Eleventh Amendment immunity for ADEA claims filed in federal court. See McGarry v. Univ. of Miss. Medical Ctr., 355 Fed. Appx. 853, 856, 2009 WL 4823013, 2 (5th Cir. 2009). Accordingly, plaintiff's ADEA claim against JSU and Thomas, in his official capacity, will be dismissed.

Likewise, plaintiff's putative ADA claim against JSU and Thomas, in his official capacity, is barred by their Eleventh Amendment immunity and due to be dismissed. Any putative claim for disability discrimination would fall under Title I of the ADA, which prohibits the State and other employers from "discriminat[ing] against a qualified individual with a disability because of th[at] disability ... in regard to ... terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In Board of Trustees v. Garrett, 531 U.S. 356, 365-74, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001), the Supreme Court ruled that Congress did not abrogate the states' sovereign immunity in enacting Title I of the ADA and that the Eleventh Amendment thus bars private money damages actions for state violations of ADA Title I. See Pace v. Bogalusa City School Bd., 403 F.3d 272, 283 (5th Cir. 2005) (Garrett held that private suits against states in federal court were barred by the Eleventh Amendment). Moreover, "Mississippi has not waived its immunity to suit under the ADA

5

with respect to those under the employ of the Institutions of Higher Learning." Dansby-Giles v. Jackson State Univ, Civil Action Nos. 3:07-CV-452 HTW-LRA, 3:07-CV-597 HTW-LRA, 2010 WL 780531, 5 (S.D. Feb. 28, 2010). Therefore, plaintiff's putative claim for disability discrimination against JSU and Thomas, in his official capacity, will be dismissed.

In addition to the ADA and ADEA, plaintiff has cited the Civil Rights Act of 1991, 42 U.S.C. § 1981a, as a basis for his claim of disability discrimination. However, this statute, which provides a prevailing plaintiff in an intentional employment discrimination case the ability to recover compensatory and punitive damages, "does not create a new substantive right or an independent cause of action; rather, it 'enhances the remedies otherwise available for intentional employment discrimination.'" Bennett v. Calabrian Chemicals Corp., 324 F. Supp. 2d 815, 839-840 (E.D. Tex. 2004) (quoting Perry v. Dallas Indep. Sch. Dist., No. CIV. A. 3:96-CV-2855, 1998 WL 614668, at 1 n.1 (N.D. Tex. Sept. 2, 1998)). See also Presutti v. Felton Brush, Inc., 927 F. Supp. 545, 550 (D.N.H. 1995) ("Implicit in § 1981a is the requisite that an action will not exist under the Civil Rights Act absent a primary claim under another substantive act."); Perry, 1998 WL 614668, at 1 ("There is no such thing" as a § 1981a claim).[3]

---

[3] Even if plaintiff had an available avenue for asserting a claim of disability discrimination, he plainly has failed to

Further, Thomas cannot be held liable in his individual capacity under the ADEA or the ADA since in his individual capacity, he did not act as plaintiff's "employer." See Downs v. Weyerhaeuser Co., No. 3:06cv632, 2007 WL 2219333, 2 (S.D. Miss. July 30, 2007) (no claim for age discrimination against management defendants individually as they were not employers as contemplated by the statute, and "the law does not provide a cause of action against them individually"); Walker v. City of Vicksburg, Miss., Civil Action No. 5:06cv60-DCB-JMR, 2008 WL 126948, *1 (S.D. Miss. Jan. 10, 2008) (holding that ADA "does not operate to impose liability upon individual employees"); Kacher v. Houston Comm. College Sys., 974 F. Supp. 615, 619 (S.D. Tex. 1997)(individuals acting in their individual capacity who do not meet statutory definition of "employer" cannot be sued under the ADA).

Having concluded that all of plaintiff's federal claims are to be dismissed, the court could decline supplemental jurisdiction over plaintiff's state law claim for wrongful termination. See 28

---

sufficiently plead such a claim for relief. The complaint itself recites that plaintiff is claiming "disability discrimination," but it does not contain a single fact to support any such claim. His EEOC charge, a copy of which is attached to the complaint, recites only that he believes he was subjected to disability discrimination as he had "episodes with [his] health that caused [him] to be away from the office." Nowhere does he allege that he had a disability. See Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092 (5th Cir. 1996) (to prevail on ADA claim, plaintiff must first demonstrate that he has a "disability", that he is "qualified" for the job; and that he experienced an adverse employment decision because of his disability).

U.S.C. § 1367(c)("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (3) the district court has dismissed all claims over which it has original jurisdiction...."). "Although [the] 'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute." Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted). In this case, it is manifest that under clear state law, defendants are entitled to dismissal of plaintiff's state law claim since plaintiff's claim is governed by the Mississippi Tort Claims Act, Miss. Code. Ann. § 11-46-1 *et seq.*, and plaintiff failed to comply with the Act's notice of claim provision, see Miss. Code Ann. § 11-46-11(1) ("After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity."). In the court's opinion, considerations of judicial economy, convenience, fairness, and comity thus counsel in favor of retaining jurisdiction since dismissal without prejudice would result in unnecessary state-court proceedings. See Mawson v. Univ. of Miss. Med. Ctr., NO. 3:11CV574-DPJ-FKB, 2012 WL 6649323,

3 (S.D. Miss. Dec. 20, 2012) (electing to exercise supplemental jurisdiction where Mississippi law was clear on remaining state-law issues and dismissing state law claims without prejudice would result in unnecessary state-court proceedings).

Based on all the foregoing, it is ordered that defendants' motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 4th day of January, 2013

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE