UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THERESA A. TAYLOR                                                PLAINTIFF

VS.                              CIVIL ACTION NO. 3:12CV702TSL-MTP

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA AND
WRIGLEY SALES COMPANY, LLC,
f/k/a WM. WRIGLEY JR. CO., A
WHOLLY-OWNED SUBSIDIARY OF
MARS, INCORPORATED                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff Theresa A. Taylor filed the present action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, challenging the denial of her claim for short- and long-term disability benefits under an employee benefit plan offered by her employer, Wrigley Sales Company, LLC, pursuant to a policy issued and administered by The Prudential Insurance Company of America. Plaintiff's complaint consists of four counts, as follows: Count one, brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), alleges that plaintiff is disabled and is therefore entitled to benefits under the terms of the ERISA plan. Count two, brought under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), alleges that Prudential breached its fiduciary duties under ERISA by denying her claim for benefits and is also liable for breaches of Wrigley, its co-fiduciary. Count three is a claim

for negligence and bad faith under Mississippi law. And count four is a demand for attorney's fees. This cause is presently before the court on defendant Prudential's motion pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss counts two and three, and the separate motion of defendant Wrigley under Rule 12(b)(6) to dismiss counts two and three and to dismiss all claims in the complaint seeking recovery for emotional distress, punitive, and other extracontractual damages and under Rule 12(f) to strike plaintiff's demand for a jury trial.

In response to defendants' motions, plaintiff acknowledges that her state law tort claims in count three (of negligence, bad faith and for punitive or exemplary damages) are preempted by ERISA and she thus does not oppose the motions to dismiss count three. She also acknowledges in response to Wrigley's motion to strike that she has no right to a jury trial of her claim(s) under ERISA and she thus stipulates to a non-jury trial before the court as to all triable issues. Finally, she stipulates that she does not assert any claim against Wrigley for breach of fiduciary duty since Wrigley has admitted that Prudential was the plan administrator and thus was charged with and retained sole responsibility for determination of whether she was "disabled" within the meaning of the policy. In the end, plaintiff opposes only Prudential's motion to dismiss count two. The court, having considered the parties' memoranda of authorities relative to this

claim, concludes that the motion to dismiss is well taken and should be granted.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), pursuant to which count two is brought, permits actions for "appropriate equitable relief." In <u>Varity Corp. v. Howe</u>, the Supreme Court stated the following:

> [T]he statute [29 U.S.C. § 1132(a)(3)] authorizes "*appropriate*" equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

516 U.S. 489, 515, 116 S. Ct. 1065, 1079, 134 L. Ed. 2d 130 (1996) (internal citations omitted).

"In the wake of <u>Varity</u>, the Fifth Circuit has held that ERISA plan participants who can avail themselves of potential remedies authorized by § 502(a)(1)(B) cannot additionally pursue equitable relief for breach of fiduciary duty under § 502(a)(2) or § 502(a)(3)." <u>Smith v. Hartford Life and Acc. Ins. Co.</u>, Civil Action No. 2:11cv35KS-MTP, 2011 WL 5864544, 4 (S.D. Miss. Nov. 22, 2011). <u>See</u> <u>also</u> <u>Walsh v. Lifer Ins. Co. of North America</u>, Civil Action No. 08-791, 2008 WL 2026107, 2-3 (E.D. La. May 9, 2008) ("Following <u>Varity</u>, when a plaintiff has brought claims under both Sections 1132(a)(1)(B) and 1132(a)(3), the Fifth Circuit has

3

instructed that dismissal of the Section 1132(a)(3) claim is proper because there is appropriate relief available under Section 1132(a)(1)(B)"). See, e.g., Tolson v. Avondale Indus., 141 F.3d 604, 610-11 (5th Cir. 1998) (adopting district court's analysis that "[b]ecause Tolson has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under § 1132(a)(1), relief through the application of § 1132(a)(3) would be inappropriate."); Rhorer v. Raytheon Eng'rs and Constructors, Inc., 181 F.3d 634, 639 (5th Cir. 1999) ("[I]t is readily apparent from Rhorer's complaint that her claim to recover plan benefits is the predominant cause of action in this suit. Accordingly, because § 1132(a)(1)(B) affords Rhorer an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty."); Estate of Bratton v. Nat'l Union Fire Ins. Co., 215 F.3d 516, 526 (5th Cir. 2000) ("Finally, the plaintiff in this purported § 502(a)(3) action is seeking only disability benefits allegedly due under the [] policy for which § 502(a)(1)(B) affords an adequate remedy. Accordingly, the plaintiff cannot use a § 502(a)(3) Varity action in this case to preserve the district court's judgment."); McCall v. Burlington N. Santa Fe Co., 237 F.3d 506, 512 (5th Cir. 2000) cert. denied by 122 S. Ct. 57 (2001) (citing Corcoran v. United Heathcare, Inc., 965 F.2d 1321, 1335 (5th Cir. 1992) (the appropriate remedy for benefits due under a plan is a "claim for denial of benefits under

4

§ 502(a)(1)(B) rather than a fiduciary duty claim brought pursuant to § 502(a)(3).")); Musmeci v. Schwegmann Giant Super Markets, Inc., 332 F.3d 339, 349 n.5 (5th Cir. 2003)(pointing out that because plaintiffs were found to have an adequate remedy at law under section 1132(a)(1)(B), they were foreclosed from equitable relief under (a)(3)).

In response to Prudential's motion, plaintiff does not deny that her breach of fiduciary claim is duplicative of her claim for wrongful denial of benefits; she nonetheless contends that she should not be foreclosed from simultaneously pursuing claims under §§ 502(a)(1)(B) and 502(a)(3). However, plaintiff's argument in opposition to Prudential's motion relies entirely on authority from other jurisdictions, which she implicitly acknowledges is contrary to Fifth Circuit law, stating, as she does, "Notwithstanding the Fifth Circuit's holding in Tolson ..., interpreting Varity Corp., other Courts recognize that 'a plaintiff may simultaneously assert claims under Sections 502(a)(1)(B) and 502(a)(3).'" Plaintiff goes on to suggest that Fifth Circuit cases on this issue have been wrongly decided: "[T]he holding in Tolson has been extrapolated into a 'rule' in the Fifth Circuit that a claimant may not assert claims under section 502(a)(3) when also pursuing claims for benefits under the policy pursuant to section 502(a)(1). ... [S]uch a rule is inconsistent with and overstates the Supreme Court's holding in

Varity Corp." Regardless of plaintiff's view as to the correctness of Fifth Circuit authority on the issue presented, however, Fifth Circuit case law "could not be clearer." Hobbs v.. Stroh Brewery Co., 189 F. Supp. 2d 559, 565-66 (S.D. Miss. 2001); see also Walsh, 2008 WL 2026107, at 3 (observing that "recent federal cases have said that it is 'settled law' in the Fifth Circuit that a plaintiff who brings a lawsuit for benefits may not also bring a claim under § 1132(a)(3) for breach of fiduciary duty") (citing Metro. Life Ins. Co. v. Palmer, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002)(in turn citing Constantine v. Am. Airlines Pension Benefit, 162 F. Supp. 2d 552, 557 (N.D. Tex. 2001)). Therefore, Prudential's motion to dismiss count two will be granted.

Based on the foregoing, it is ordered that Prudential's motion to dismiss Count Two and Three is granted, as is Wrigley's motion to dismiss Counts Two and Three and to strike plaintiff's jury demand.

SO ORDERED this 4th day of January , 2013.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE