```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

THERESA A. TAYLOR                                          PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:12CV702TSL-JMR

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant The Prudential Insurance Company of America for judgment on the pleadings, which the court has converted to a motion for summary judgment. Plaintiff Theresa A. Taylor has responded to the motion and the court, having considered the memoranda of authorities, together with attachments submitted by the parties, concludes that the motion should be granted and plaintiff's claim for long-term disability benefits dismissed without prejudice.

Plaintiff Theresa Taylor filed this action against Prudential alleging that she was wrongfully denied short-term and long-term disability benefits under a disability plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* According to her complaint, Taylor worked as a territorial sales manager with the Wm. Wrigley Jr. Co. until February 2, 2011, when she stopped working due to symptoms associated with fibromyalgia, sleep apnea and worsening of spinal disease, which she claims rendered her disabled from her job.

Through her employment, Taylor participated in Wrigley's ERISA-governed disability plan (Plan), which was administered by Prudential. Under the Plan's Short Term Disability Coverage, following a seven-day elimination period, benefits are payable for a period of up to fifty-two weeks on account of a disability, which the Plan defines as follows:

> You are disabled when Prudential determines that:
> - you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
> - you have a 20% or more loss of weekly earnings due to that same sickness or injury.

The Plan's Long Term Disability Coverage provides for payment of benefits to a participant who remains disabled following a fifty-two week elimination period during which she was continuously disabled. Just as with the Plan's Short Term Disability Coverage, during the first twelve months of Long Term Disability coverage, a claimant will be considered disabled if she is unable to perform the material and substantial duties of her regular occupation; after twelve months, she will be considered disabled if she is unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience.

On February 2, 2011, Taylor submitted to Prudential an application for disability benefits. Her claim was initially denied on March 11, 2011, for lack of objective medical evidence to support a finding that she met the Plan definition of disabled.

Taylor appealed the denial decision and submitted additional medical documentation. By letter of April 28, 2011, she was advised that she was entitled to receive short-term disability benefits for a closed four-week period, from her last date of work through March 3, 2011, for diagnostic testing, evaluation and physical therapy. Taylor appealed this decision, and was informed by letter of July 26, 2011 that the denial decision was upheld. She sought reconsideration, which was denied by letter dated November 3, 2011.

Taylor filed the present action on October 15, 2012, alleging she has been continuously disabled from work at all times since February 3, 2011, her last day of employment, and contending she was wrongly denied both short-term disability (STD) and long-term disability (LTD) benefits under the Plan. She seeks payment in full of all STD and LTD benefits due her under the Plan. Prudential has moved for dismissal of Taylor's claim for LTD benefits on the basis that Taylor failed to exhaust her administrative remedies.

ERISA requires that employee benefit plans provide administrative remedies for persons whose claims for benefits have been denied. 29 U.S.C. § 1133(2) (providing that every employee benefit plan shall afford a participant whose claim for benefits has been denied a reasonable opportunity to for full and fair review by the appropriate named fiduciary). "Generally,

3

'claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits.'" Baptist Memorial Hospital--DeSoto Inc. v. Crain Automotive Inc., 392 Fed. Appx. 288, 293, 2010 WL 3278258, 4 (5th Cir. 2010) (quoting Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp., 215 F.3d 475, 479 (5th Cir. 2000)). Although not specifically required by ERISA, courts have uniformly imposed the exhaustion requirement in keeping with Congress's intent in enacting ERISA. Hall v. National Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997); see also Denton v. First Nat'l Bank of Waco, Texas, 765 F.2d 1295, 1303 (5th Cir. 1985) (Congress, in enacting ERISA, clearly wanted potential plaintiffs to first exhaust their administrative remedies before resorting to the federal courts.). The Fifth Circuit has recognized exceptions to the exhaustion requirement "'where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would be a patently futile course of action.'" Davis v. AIG Life Ins., 945 F. Supp. 961, 967 (S.D. Miss. 1995) (quoting Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985)). See also Holmes v. Proctor and Gamble Disability Benefit Plan, 228 Fed. Appx. 377, 378, 2007 WL 866695, 2 (5th Cir. 2007) ("The exception to this requirement is limited, arising only when resorting to

administrative remedies is futile or the remedy inadequate.") (citations omitted).

Taylor submits that she has exhausted her administrative remedies, or alternatively, that she is excused from exhaustion on the basis of futility. In support of the former contention, Taylor notes that the Plan provisions which establish the procedures for filing a claim are identical for STD and LTD coverage, stating that written notice of a claim should be sent "within 30 days after the date your disability begins[,]" and requiring that "written proof of your claim [be sent] no later than 90 days after your elimination period ends."[1]  Moreover, the

---

[1] Prudential argues that the Plan clearly "provides two separate claims procedures for two distinct types of benefits, short-term and long-term." In fact, however, while the provisions governing the claims procedure for STD and LTD benefits may be found on different pages of the Plan, they are identical. Under the separate headings for Short Term Disability Coverage and for Long Term Disability Coverage, the Plan states the following:

> CLAIM INFORMATION
> When Do You Notify Prudential of a Claim?
> We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within thirty days after the date your disability begins. However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.
>
> The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 14 days of your request, send Prudential written proof of claim without waiting for the form.

information required by the Plan as proof of a claim is virtually identical for both STD and LTD coverage, including proof that the claimant is under the regular care of a doctor; documentation of earnings; the date the disability began; appropriate documentation of the disability disorder; the extent of the disability, including restrictions and limitations that prevent the claimant from performing her regular occupation (or gainful occupation);[2] names and addresses of hospitals or institutions where the claimant has received treatment; and names and addresses of doctors the claimant has seen.

Taylor submits that, consistent with the Plan's prescribed claims procedure, she filed a timely claim for disability benefits

---

You must notify us immediately when you return to work in any capacity.

[2] There are variations in the specific proof required which correlate to the variations in the Plan definitions of disabled for the STD and LTD coverages. See supra at 2. The information required of a claimant as proof of a STD claim includes appropriate documentation of the claimant's *weekly* earnings whereas proof of a LTD claim requires proof of her *monthly* earnings.
For a STD claim, the Plan requires that the claimant furnish proof of "[t]he extent of [her] disability, including restrictions and limitations preventing [her] from performing [her] regular occupation[,]" whereas the proof of loss requirements for a LTD claim include proof of "[t]he extent of [her] disability, including restrictions and limitations preventing [her] from performing [her] regular occupation *or gainful occupation*." (Emphasis added). Given the Plan's definition of disability under the LTD coverage, a requirement that the claimant provide proof that she cannot perform any gainful occupation would not arise until twenty-four months following the onset of a continuous disability.

6

as soon as she became physically unable to perform her job. She contends that while she filed only this one application, it was not an application for *short-term* benefits only but rather an application for *all* disability benefits for which she was then eligible or might become eligible. Taylor notes in this regard that Prudential does not provide separate application forms for STD claims and LTD claims. Instead, there is a single application form for disability benefits; and on that application form, there is no place for a claimant to indicate whether she is seeking STD benefits, LTD benefits, or both. Taylor insists that while she obviously intended by her application to seek STD benefits, she did not intend that her application be limited to STD benefits; rather, because she was unable to perform her job duties indefinitely as a result of her worsening condition, she applied for all benefits for which coverage was provided by the Plan, and expected that if her disability extended beyond fifty-two weeks, she would transition to LTD benefits without the need to file an additional claim form.

Even if the court were to assume that Taylor could be found to have *filed* a claim for LTD benefits, the court cannot conclude that she has *exhausted* her administrative remedies with respect to such claim. The record shows that Taylor concluded the appeal of Prudential's denial of her claim for STD benefits well before the end of the fifty-two week elimination period for LTD benefits. At

no time did she present proof to Prudential that she was or remained continuously disabled throughout and beyond the fifty-two week elimination period. Accordingly, she did not exhaust her administrative remedies with respect to her claim for LTD benefits. Nevertheless, the court is persuaded that at this time, it would be futile for her to attempt to do so.

To establish the futility exception, Plaintiff must prove that it is certain that her claim will be denied, not merely that she doubts that it will be denied. See Helscher-Strauss v. Sara Lee Corp., Civil Action No. 06-1627, 2006 WL 2135351, 3 (E.D. La. July 28, 2006) citing Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996)); see also Commc'ns Workers of Am. v. AT&T, 40 F.3d 426, 433 (D.C. Cir. 1994) ((requiring the claimant to show a "certainty of an adverse decision" to satisfy the exception). Tyalor submits that in view of the denial of her claim for STD benefits, it is certain that her claim for LTD benefits would be denied. Prudential does not deny this, but claims that Taylor cannot rely on the futility exception since the Fifth Circuit has held that "[a] failure to show hostility or bias on the part of the administrative review committee is fatal to a claim of futility," Harris v. Trustmark Nat. Bank, 287 Fed. App'x 283, 295 (5th Cir. 2008) (quoting McGowin v. ManPower Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004), and since she has neither alleged nor presented proof that Prudential is biased or hostile toward her.

"Usually, the futility exception is applied in a context in which there has been, in some form, an unambiguous application for benefits and a formal or informal administrative decision denying benefits and it is clear that seeking further administrative review of the decision would be futile."  <u>Barnett v. International Business Machines Corp.</u>, 885 F. Supp. 581, 588 (S.D.N.Y. 1995). In a number of cases, the Fifth Circuit has plainly held in that context that a showing of hostility or bias is essential to application of the futility exception.

In <u>Denton v. First National Bank of Waco, Texas</u>, 765 F.2d 1295, 1303 (5th Cir. 1985), the claimant, upon leaving his employment, requested a lump-sum payment of his retirement benefits.  After being initially turned down by the committee charged with administering the plan, Denton sought review by the same committee, as provided by the Plan.  However, after failing to respond to the committee's attempt to schedule a hearing, he filed suit to recover the lump-sum benefit he had been denied. Denton posited in the district court that the bank president, who was mad at him for leaving to work for a competitor bank, had masterminded the rejection of his lump sum request.  He argued that the president's hostility excused his failing to proceed with the administrative remedies specified in the Plan.  765 F.2d at 1298.  On appeal, Denton asserted that his pursuit of administrative remedies would have been futile since the committee

9

was composed of the same members that earlier turned down his request.  The Fifth Circuit rejected his position.  Citing <u>Amato v. Bernard</u>, 618 F.2d 559 (9th Cir. 1980), the court found that the plan's administrative appeal procedures available to claimants whose applications for benefits had been initially denied were adequate, notwithstanding that review was by the same committee that had initially denied the claim for benefits.  765 F.2d at 1303 n.11 (noting that "the appeal procedures are not inadequate simply because they are administered by the trustees themselves, rather than some 'neutral arbitrator.'  The internal administration of such procedures is the very thing contemplated by § 503 of ERISA....").  As it was clear Denton was fully aware of the appeal rights available to him, and as there was no evidence that the committee was hostile or bitter toward Denton, he was not excused from exhaustion of his administrative remedies.  <u>Id</u>. at 1303.

Similar to <u>Denton</u>, the plaintiff in <u>Bourgeois v. Pension Plan for Employees of Santa Fe International Corporations</u>, 215 F.3d 475 (5th Cir. 2000), argued that resort to the administrative remedies set forth in the pension plan would have been futile because a high-ranking company official of the plan sponsor had already told the claimant that there would be no further consideration of his claim.  <u>Id</u>. at 479.  The Fifth Circuit found that the official's statement did not establish that the committee responsible for

reviewing his claim would not have considered his claim, and held that absent a showing of bias or hostility by the actual committee that would have considered the claim, the company official's initial denial of Bourgeois's claim was not sufficient to establish futility. Id. at 480. Therefore, his failure to exhaust could not be excused on the basis of futility. Id.

In McGowin v. ManPower International, Inc., 363 F.3d 556 (5th Cir. 2004), the plaintiff, who performed services for ExxonMobil while on the payroll of ManPower International, filed suit under ERISA, alleging that she was in fact an employee of ExxonMobil and thus entitled to its ERISA benefits available to all regular ExxonMobil employees. The court dismissed her claims for failure to exhaust as she had failed to initiate an administrative claim for benefits. In so doing, the court rejected her argument that exhaustion was excused due to futility based on representations made to her by ExxonMobil during the course of her employment which she contended conclusively established the company's position that she was not eligible for benefits. The court was unpersuaded, and opined that just as the statements by the company official in Bourgeois did not conclusively show that an administrative committee would reject a claim for benefits, the statements by ExxonMobil employees who were not responsible for adjudicating benefits claims did not show that McGowin's claim would be futile if she properly presented it for administrative

11

review. Id. at 560. Citing Bourgeois, 215 F.3d at 479-80, the court declared that "[a] failure to show hostility or bias on the part of the administrative review committee is fatal to a claim of futility." Id. at 559.

Each of these cases involved the failure to follow the prescribed administrative review process for a claim that had been initially denied either formally or informally. In contrast, the court in Harris v. Trustmark National Bank, 287 Fed. Appx. 283, 2008 WL 2482348 (5th Cir. 2008), considered whether members of one group of plaintiffs were excused from exhaustion on futility grounds where members of a separate group of plaintiffs asserting the same claims had exhausted their own claims. 287 Fed. Appx. At 294. Citing McGowin, the court found that as the plaintiffs with the unexhausted claims did not allege that the plan administrator or his staff were hostile or biased toward them, their futility argument failed. Id.

The present case is distinguishable from all of these cases. Here, Taylor has clearly exhausted one claim (for STD benefits) and contends that in light of the denial of that claim, it is certain that her other claim (for LTD benefits) will be denied. A number of courts have found futility in such a circumstance. And in this court's view, it is doubtful that in this context, the Fifth Circuit would condition application of the futility exception on a showing of hostility or bias.

12

The Sixth Circuit held in Laird v. Norton Healthcare, Inc., 442 Fed. Appx. 194, 2011 WL 4597539 (6th Cir. 2011), that

> "[w]here ... a plaintiff has exhausted one claim but not another, he may demonstrate futility by showing that the two claims are so identical that the denial of one demonstrates with certainty that the other will also be denied." Dozier [v. Sun Life Assur. Co. of Can., 466 F.3d 532, 535 (6th Cir. 2006)] (quoting Cilano v. Alstom Transp. Inc., No. 04-CV-6322 CJS, 2005 WL 139172, at *2 (W.D.N.Y. Jan. 18, 2005)). A plaintiff arguing futility based on the fact that a previous claim has been denied must first show that he has exhausted the administrative remedies of the denied claim. Id. (citing [Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996)]. Assuming denial of the first claim, courts have applied the futility exception where the same administrator would have made the final determination on both claims, see Dozier, 466 F.3d at 535; where the "denial of the easier-to-obtain claim precluded eligibility for the more difficult-to-prove claim," id.; or where the denial of one claim prohibits a claimant from receiving another claim's benefits, Cilano, 2005 WL 139172, at *2.

Laird, 442 Fed. Appx. at 200, 2011 WL 4597539, at 5. Laird involved an issue of whether a claimant whose STD claim had been denied was excused on futility grounds from exhausting her claim for LTD benefits. Based on the facts presented, the court found that the plaintiff had failed to show "a clear and positive indication" that "it [was] certain that his claim [would] be denied." Id. at 200 (citations omitted). The court held that to establish futility based on the denial of the separate claim for STD benefits, the plaintiff was required to have exhausted her claim for STD benefits, which she had not done; she had filed a STD claim but had failed to timely appeal the denial of her claim.

13

Id. at 201. Moreover, different administrators had responsibility for determining benefit eligibility for the STD and LTD claims and the court saw no reason why one insurance company's denial of the plaintiff's STD benefits claim would influence another insurance company's determination of her LTD benefits claim since the insurance companies were "separate entities with different employees in charge of making coverage decisions." Id. Finally, the plaintiff had not presented evidence that would tend to demonstrate that the denial of her STD benefits claim would necessarily preclude her from obtaining LTD benefits. Id. As a result, the court concluded that Laird had not shown, with certainty, that her LTD claim would have been denied. Id.

As was recognized in Laird, courts have found that exhaustion of a claim for LTD benefits would be futile where a claimant has exhausted a denied claim for STD benefits and there was no circumstance in which LTD benefits would be payable given the denial of STD benefits. For example, in Young v. UnumProvident Corp., No. Civ. 01-2420 DWF/AJB, 2002 WL 2027285 (D. Minn. Sept. 3, 2002), the claimant's application for STD benefits was denied initially and on appeal through the policy's administrative review process. After the claimant filed suit seeking STD and LTD benefits, the plan administrator moved for dismissal of the claim for LTD benefits for failure to exhaust. The court determined that the claimant had exhausted her LTD claim, but it further held

14

that even had she not done so, such exhaustion would have been futile because the STD and LTD plans had identical requirements and claims under both plans were reviewed by the same administrator. Id. at 4. The court reasoned:

> UNUM denied Young's STD claim and her appeals, stating that her medical condition did not warrant benefits under the STD Policy. UNUM has not demonstrated any circumstances under which a plan participant could be denied benefits under an STD plan and still receive benefits under an LTD plan. Thus, the denial of STD benefits clearly leads to the denial of LTD benefits, and any further exhaustion of Young's administrative remedies would have been futile.

Id.

Likewise, in Darensbourg-Tillman v. Robins, Kaplan, Miller & Ciresi LLP Short Term Disability Plan, No. CV 04-2903 AHM(VBKx), 2004 WL 5603225 (C.D. Cal. 2004), the court found that the plaintiff was excused from exhaustion of her claim for LTD benefits on the basis of futility where she had undeniably exhausted her claim for STD benefits. Id. at 3. There, given that the policy definition of disabled for purposes of STD benefits was less restrictive than the LTD definition of disabled, the court found it "highly probable that the undisputed denial of Plaintiff's claim for benefits under the STD plan means that any claim under the LTD plan ... would also be denied[,]" and the defendant had not shown how plaintiff could have been denied STD benefits and still receive LTD benefits." Id. See also Welsh v. Wachovia Corp., 191 Fed. Appx. 345, 2006 WL 1972108 (6th Cir. 2006)

15

(finding that the plaintiff's failure to apply for LTD benefits was excused based on futility doctrine where the denial of the maximum period of STD benefits effectively precluded him from applying for LTD benefits); Blake v. Express Scripts, Inc., No. 4:09-CV-563 CAS, 2009 WL 2982894, at 3 (E.D. Mo. Sept. 14, 2009) (finding on Rule 12(b)(6) motion to dismiss that plaintiff had adequately pleaded exhaustion of all non-futile administrative remedies where she alleged that she was unable to apply for LTD by virtue of the denial of of her claim for STD benefits); Anthony v. Layne Christensen Co., No. 5:04CV00295, 2005 WL 2875084, at 9-10 (E.D. Ark. Nov. 1, 2005) (although the court denied an earlier motion for judgment on the pleadings finding that plaintiff's allegation that he was precluded from applying for LTD benefits adequately pleaded exhaustion of all non-futile administrative remedies, court subsequently ruled on summary judgment that it would dismiss claim for LTD benefits without prejudice to allow plaintiff to exhaust LTD claim that had previously been filed and was pending for administrative review); Authement v. Texaco, Inc., Civ. A. No. 93-1895, 1993 WL 390137 (E.D. La. Sept. 24, 1993) (where plaintiff was not entitled to receive any LTD benefits until all available STD benefits were received and plaintiff claimed he was wrongly terminated from STD benefits, court held that "it would be futile for plaintiff to attempt to obtain long-term benefits until the uncertainty regarding his eligibility for

16

short-term benefits is finally resolved); cf. Walsh v. Life Ins. Co. of North Am., Civ. A. No. 06-10845-GAO, 2007 WL 2343657, at 3 (D. Mass. Aug. 15, 2007) (finding that plaintiff was not excused from exhaustion based on futility where STD and LTD plans defined disability differently and in such a way that a claimant could qualify for benefits under the LTD plan even if she did not qualify for benefits under the STD definition).

In the case at bar, it is undisputed that Taylor exhausted her administrative remedy as to her claim for STD benefits. Further, the definition of disabled for purposes of the STD coverage is the same as the LTD definition of disabled for the first twelve months of LTD coverage and is less restrictive than the policy definition of disabled for the remaining LTD coverage. Morever, the same administrator that denied the STD claim would make the final determination on the LTD claim. Under these circumstances, it is certain from the denial of Taylor's claim for STD benefits that her claim for LTD benefits would also be denied. Requiring administrative exhaustion of her claim for LTD benefits at this time would be futile.

At the same time, however, there is no administrative record that would support an award to Taylor of LTD disability benefits by this court. See Laird, 191 Fed. Appx. at 358. In Bourgeois, the Fifth Circuit identified the primary purposes of the exhaustion requirement as: "(1) [upholding] Congress' desire that

17

ERISA trustees be responsible for their actions, not the federal courts; (2) [providing] a sufficiently clear record of administrative action if litigation should ensue; and (3) [assuring] that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*." Denton, 765 F.2d at 1300. See also Harris, 287 Fed. Appx. at 288, 2008 WL 2482348, at 4 (stating that federal court should not address issue that was not raised before the plan administrator because court "does not have the opportunity to review the plan administrator's resolution of the issue under an arbitrary and capricious standard").

In sum, while it would be futile for plaintiff to file an administrative claim for LTD benefits until her claim for STD benefits has been finally judicially resolved, nevertheless, given the absence of an administrative record, this court is not in a position to award her LTD benefits if she were to prevail on her claim for STD benefits. Therefore, the court concludes that her claim for LTD benefits should be dismissed without prejudice at this time, with the understanding that if plaintiff ultimately prevails herein on her claim for an award of STD benefits, she should then be given an opportunity to file a claim for LTD

18

benefits and pursue her administrative remedies. See Laird, 191 Fed. Appx. 345, 359, 2006 WL 1972108, at 12.[3]

Based on the foregoing, it is ordered that Prudential's motion to dismiss plaintiff's claim for LTD benefits is granted, and said claim is dismissed without prejudice so that Taylor, if successful in the resolution of her claim for STD benefits, may file and pursue an administrative claim for LTD benefits.

SO ORDERED this 1st day of July, 2013.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

---

[3] Obviously, if Taylor fails to establish that her claim for STD benefits was wrongly denied, then it would follow that she could not prevail on a claim for LTD benefits.