UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THERESA A. TAYLOR                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 3:12CV702TSL-JMR

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA                                           DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant The
Prudential Insurance Company of America for judgment on the
pleadings, which the court has converted to a motion for summary
judgment.  Plaintiff Theresa A. Taylor has responded to the motion
and the court, having considered the memoranda of authorities,
together with attachments submitted by the parties, concludes that
the motion should be granted and plaintiff's claim for long-term
disability benefits dismissed without prejudice.

Plaintiff Theresa Taylor filed this action against
Prudential alleging that she was wrongfully denied short-term and
long-term disability benefits under a disability plan governed by
the Employee Retirement Income Security Act (ERISA), 29 U.S.C.
§ 1001 *et seq.*  According to her complaint, Taylor worked as a
territorial sales manager with the Wm. Wrigley Jr. Co. until
February 2, 2011, when she stopped working due to symptoms
associated with fibromyalgia, sleep apnea and worsening of spinal
disease, which she claims rendered her disabled from her job.

Through her employment, Taylor participated in Wrigley's ERISA-governed disability plan (Plan), which was administered by Prudential.  Under the Plan's Short Term Disability Coverage, following a seven-day elimination period, benefits are payable for a period of up to fifty-two weeks on account of a disability, which the Plan defines as follows:

> You are disabled when Prudential determines that:
> - you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
> - you have a 20% or more loss of weekly earnings due to that same sickness or injury.

The Plan's Long Term Disability Coverage provides for payment of benefits to a participant who remains disabled following a fifty-two week elimination period during which she was continuously disabled.  Just as with the Plan's Short Term Disability Coverage, during the first twelve months of Long Term Disability coverage, a claimant will be considered disabled if she is unable to perform the material and substantial duties of her regular occupation; after twelve months, she will be considered disabled if she is unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience.

On February 2, 2011, Taylor submitted to Prudential an application for disability benefits.  Her claim was initially denied on March 11, 2011, for lack of objective medical evidence to support a finding that she met the Plan definition of disabled.

2

Taylor appealed the denial decision and submitted additional medical documentation.  By letter of April 28, 2011, she was advised that she was entitled to receive short-term disability benefits for a closed four-week period, from her last date of work through March 3, 2011, for diagnostic testing, evaluation and physical therapy.  Taylor appealed this decision, and was informed by letter of July 26, 2011 that the denial decision was upheld. She sought reconsideration, which was denied by letter dated November 3, 2011.

Taylor filed the present action on October 15, 2012, alleging she has been continuously disabled from work at all times since February 3, 2011, her last day of employment, and contending she was wrongly denied both short-term disability (STD) and long-term disability (LTD) benefits under the Plan.  She seeks payment in full of all STD and LTD benefits due her under the Plan. Prudential has moved for dismissal of Taylor's claim for LTD benefits on the basis that Taylor failed to exhaust her administrative remedies.

ERISA requires that employee benefit plans provide administrative remedies for persons whose claims for benefits have been denied.  29 U.S.C. § 1133(2) (providing that every employee benefit plan shall afford a participant whose claim for benefits has been denied a reasonable opportunity to for full and fair review by the appropriate named fiduciary).  "Generally,

'claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits.'" <u>Baptist Memorial Hospital--DeSoto Inc. v. Crain Automotive Inc.</u>, 392 Fed. Appx. 288, 293, 2010 WL 3278258, 4 (5th Cir. 2010) (quoting <u>Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.</u>, 215 F.3d 475, 479 (5th Cir. 2000)). Although not specifically required by ERISA, courts have uniformly imposed the exhaustion requirement in keeping with Congress's intent in enacting ERISA. <u>Hall v. National Gypsum Co.</u>, 105 F.3d 225, 231 (5th Cir. 1997); <u>see also</u> <u>Denton v. First Nat'l Bank of Waco, Texas</u>, 765 F.2d 1295, 1303 (5th Cir. 1985) (Congress, in enacting ERISA, clearly wanted potential plaintiffs to first exhaust their administrative remedies before resorting to the federal courts.). The Fifth Circuit has recognized exceptions to the exhaustion requirement "'where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would be a patently futile course of action.'" <u>Davis v. AIG Life Ins.</u>, 945 F. Supp. 961, 967 (S.D. Miss. 1995) (quoting <u>Hessbrook v. Lennon</u>, 777 F.2d 999, 1003 (5th Cir. 1985)). <u>See also</u> <u>Holmes v. Proctor and Gamble Disability Benefit Plan</u>, 228 Fed. Appx. 377, 378, 2007 WL 866695, 2 (5th Cir. 2007) ("The exception to this requirement is limited, arising only when resorting to

4

administrative remedies is futile or the remedy inadequate.")
(citations omitted).

Taylor submits that she has exhausted her administrative
remedies, or alternatively, that she is excused from exhaustion on
the basis of futility.  In support of the former contention,
Taylor notes that the Plan provisions which establish the
procedures for filing a claim are identical for STD and LTD
coverage, stating that written notice of a claim should be sent
"within 30 days after the date your disability begins[,]" and
requiring that "written proof of your claim [be sent] no later
than 90 days after your elimination period ends."[1]  Moreover, the

---

[1]    Prudential argues that the Plan clearly "provides two
separate claims procedures for two distinct types of benefits,
short-term and long-term."  In fact, however, while the provisions
governing the claims procedure for STD and LTD benefits may be
found on different pages of the Plan, they are identical.  Under
the separate headings for Short Term Disability Coverage and for
Long Term Disability Coverage, the Plan states the following:
    CLAIM INFORMATION
    When Do You Notify Prudential of a Claim?
    We encourage you to notify us of your claim as soon as
    possible, so that a claim decision can be made in a
    timely manner.  Written notice of a claim should be sent
    within thirty days after the date your disability
    begins.  However, you must send Prudential written proof
    of your claim no later than 90 days after your
    elimination period ends.  If it is not possible to give
    proof within 90 days, it must be given no later than 1
    year after the time proof is otherwise required except
    in the absence of legal capacity.

    The claim form is available from your Employer, or you
    can request a claim form from us.  If you do not receive
    the form from Prudential within 14 days of your request,
    send Prudential written proof of claim without waiting
    for the form.

information required by the Plan as proof of a claim is virtually identical for both STD and LTD coverage, including proof that the claimant is under the regular care of a doctor; documentation of earnings; the date the disability began; appropriate documentation of the disability disorder; the extent of the disability, including restrictions and limitations that prevent the claimant from performing her regular occupation (or gainful occupation);[2] names and addresses of hospitals or institutions where the claimant has received treatment; and names and addresses of doctors the claimant has seen.

Taylor submits that, consistent with the Plan's prescribed claims procedure, she filed a timely claim for disability benefits

---

You must notify us immediately when you return to work in any capacity.

[2]   There are variations in the specific proof required which correlate to the variations in the Plan definitions of disabled for the STD and LTD coverages.  See supra at 2.  The information required of a claimant as proof of a STD claim includes appropriate documentation of the claimant's *weekly* earnings whereas proof of a LTD claim requires proof of her *monthly* earnings.

For a STD claim, the Plan requires that the claimant furnish proof of "[t]he extent of [her] disability, including restrictions and limitations preventing [her] from performing [her] regular occupation[,] whereas the proof of loss requirements for a LTD claim include proof of "[t]he extent of [her] disability, including restrictions and limitations preventing [her] from performing [her] regular occupation *or gainful occupation*." (Emphasis added).  Given the Plan's definition of disability under the LTD coverage, a requirement that the claimant provide proof that she cannot perform any gainful occupation would not arise until twenty-four months following the onset of a continuous disability.

as soon as she became physically unable to perform her job.  She
contends that while she filed only this one application, it was
not an application for *short-term* benefits only but rather an
application for *all* disability benefits for which she was then
eligible or might become eligible.  Taylor notes in this regard
that Prudential does not provide separate application forms for
STD claims and LTD claims.  Instead, there is a single application
form for disability benefits; and on that application form, there
is no place for a claimant to indicate whether she is seeking STD
benefits, LTD benefits, or both.  Taylor insists that while she
obviously intended by her application to seek STD benefits, she
did not intend that her application be limited to STD benefits;
rather, because she was unable to perform her job duties
indefinitely as a result of her worsening condition, she applied
for all benefits for which coverage was provided by the Plan, and
expected that if her disability extended beyond fifty-two weeks,
she would transition to LTD benefits without the need to file an
additional claim form.

Even if the court were to assume that Taylor could be found
to have *filed* a claim for LTD benefits, the court cannot conclude
that she has *exhausted* her administrative remedies with respect to
such claim.  The record shows that Taylor concluded the appeal of
Prudential's denial of her claim for STD benefits well before the
end of the fifty-two week elimination period for LTD benefits.  At

7

no time did she present proof to Prudential that she was or
remained continuously disabled throughout and beyond the fifty-two
week elimination period.  Accordingly, she did not exhaust her
administrative remedies with respect to her claim for LTD
benefits.  Nevertheless, the court is persuaded that at this time,
it would be futile for her to attempt to do so.

To establish the futility exception, Plaintiff must prove
that it is certain that her claim will be denied, not merely that
she doubts that it will be denied.  See Helscher-Strauss v. Sara
Lee Corp., Civil Action No. 06-1627, 2006 WL 2135351, 3 (E.D. La.
July 28, 2006) citing Lindemann v. Mobil Oil Corp., 79 F.3d 647,
650 (7th Cir. 1996)); see also Commc'ns Workers of Am. v. AT&T, 40
F.3d 426, 433 (D.C. Cir. 1994) ((requiring the claimant to show a
"certainty of an adverse decision" to satisfy the exception).
Tyalor submits that in view of the denial of her claim for STD
benefits, it is certain that her claim for LTD benefits would be
denied.  Prudential does not deny this, but claims that Taylor
cannot rely on the futility exception since the Fifth Circuit has
held that "[a] failure to show hostility or bias on the part of
the administrative review committee is fatal to a claim of
futility," Harris v. Trustmark Nat. Bank, 287 Fed. App'x 283, 295
(5th Cir. 2008) (quoting McGowin v. ManPower Int'l, Inc., 363 F.3d
556, 559 (5th Cir. 2004), and since she has neither alleged nor
presented proof that Prudential is biased or hostile toward her.

"Usually, the futility exception is applied in a context in which there has been, in some form, an unambiguous application for benefits and a formal or informal administrative decision denying benefits and it is clear that seeking further administrative review of the decision would be futile." Barnett v. International Business Machines Corp., 885 F. Supp. 581, 588 (S.D.N.Y. 1995). In a number of cases, the Fifth Circuit has plainly held in that context that a showing of hostility or bias is essential to application of the futility exception.

In Denton v. First National Bank of Waco, Texas, 765 F.2d 1295, 1303 (5th Cir. 1985), the claimant, upon leaving his employment, requested a lump-sum payment of his retirement benefits.  After being initially turned down by the committee charged with administering the plan, Denton sought review by the same committee, as provided by the Plan.  However, after failing to respond to the committee's attempt to schedule a hearing, he filed suit to recover the lump-sum benefit he had been denied. Denton posited in the district court that the bank president, who was mad at him for leaving to work for a competitor bank, had masterminded the rejection of his lump sum request.  He argued that the president's hostility excused his failing to proceed with the administrative remedies specified in the Plan.  765 F.2d at 1298.  On appeal, Denton asserted that his pursuit of administrative remedies would have been futile since the committee

9

was composed of the same members that earlier turned down his
request.   The Fifth Circuit rejected his position.   Citing <u>Amato
v. Bernard</u>, 618 F.2d 559 (9th Cir. 1980), the court found that the
plan's administrative appeal procedures available to claimants
whose applications for benefits had been initially denied were
adequate, notwithstanding that review was by the same committee
that had initially denied the claim for benefits.   765 F.2d at
1303 n.11 (noting that "the appeal procedures are not inadequate
simply because they are administered by the trustees themselves,
rather than some 'neutral arbitrator.'   The internal
administration of such procedures is the very thing contemplated
by § 503 of ERISA...."). As it was clear Denton was fully aware
of the appeal rights available to him, and as there was no
evidence that the committee was hostile or bitter toward Denton,
he was not excused from exhaustion of his administrative remedies.
<u>Id</u>. at 1303.

     Similar to <u>Denton</u>, the plaintiff in <u>Bourgeois v. Pension Plan
for Employees of Santa Fe International Corporations</u>, 215 F.3d 475
(5th Cir. 2000), argued that resort to the administrative remedies
set forth in the pension plan would have been futile because a
high-ranking company official of the plan sponsor had already told
the claimant that there would be no further consideration of his
claim.   <u>Id</u>. at 479.   The Fifth Circuit found that the official's
statement did not establish that the committee responsible for

10

reviewing his claim would not have considered his claim, and held that absent a showing of bias or hostility by the actual committee that would have considered the claim, the company official's initial denial of Bourgeois's claim was not sufficient to establish futility. Id. at 480. Therefore, his failure to exhaust could not be excused on the basis of futility. Id.

In McGowin v. ManPower International, Inc., 363 F.3d 556 (5th Cir. 2004), the plaintiff, who performed services for ExxonMobil while on the payroll of ManPower International, filed suit under ERISA, alleging that she was in fact an employee of ExxonMobil and thus entitled to its ERISA benefits available to all regular ExxonMobil employees. The court dismissed her claims for failure to exhaust as she had failed to initiate an administrative claim for benefits. In so doing, the court rejected her argument that exhaustion was excused due to futility based on representations made to her by ExxonMobil during the course of her employment which she contended conclusively established the company's position that she was not eligible for benefits. The court was unpersuaded, and opined that just as the statements by the company official in Bourgeois did not conclusively show that an administrative committee would reject a claim for benefits, the statements by ExxonMobil employees who were not responsible for adjudicating benefits claims did not show that McGowin's claim would be futile if she properly presented it for administrative

11

review.  Id. at 560.  Citing Bourgeois, 215 F.3d at 479-80, the
court declared that "[a] failure to show hostility or bias on the
part of the administrative review committee is fatal to a claim of
futility."  Id. at 559.

Each of these cases involved the failure to follow the
prescribed administrative review process for a claim that had been
initially denied either formally or informally.  In contrast, the
court in Harris v. Trustmark National Bank, 287 Fed. Appx. 283,
2008 WL 2482348 (5ᵗʰ Cir. 2008), considered whether members of one
group of plaintiffs were excused from exhaustion on futility
grounds where members of a separate group of plaintiffs asserting
the same claims had exhausted their own claims.  287 Fed. Appx. At
294.  Citing McGowin, the court found that as the plaintiffs with
the unexhausted claims did not allege that the plan administrator
or his staff were hostile or biased toward them, their futility
argument failed.  Id.

The present case is distinguishable from all of these cases.
Here, Taylor has clearly exhausted one claim (for STD benefits)
and contends that in light of the denial of that claim, it is
certain that her other claim (for LTD benefits) will be denied.  A
number of courts have found futility in such a circumstance.  And
in this court's view, it is doubtful that in this context, the
Fifth Circuit would condition application of the futility
exception on a showing of hostility or bias.

12

The Sixth Circuit held in <u>Laird v. Norton Healthcare, Inc.</u>, 442 Fed. Appx. 194, 2011 WL 4597539 (6th Cir. 2011), that

> "[w]here ... a plaintiff has exhausted one claim but not another, he may demonstrate futility by showing that the two claims are so identical that the denial of one demonstrates with certainty that the other will also be denied." <u>Dozier [v. Sun Life Assur. Co. of Can.</u>, 466 F.3d 532, 535 (6th Cir. 2006)] (quoting <u>Cilano v. Alstom Transp. Inc.</u>, No. 04-CV-6322 CJS, 2005 WL 139172, at *2 (W.D.N.Y. Jan. 18, 2005)). A plaintiff arguing futility based on the fact that a previous claim has been denied must first show that he has exhausted the administrative remedies of the denied claim. <u>Id.</u> (citing [<u>Lindemann v. Mobil Oil Corp.</u>, 79 F.3d 647, 650 (7th Cir. 1996)]. Assuming denial of the first claim, courts have applied the futility exception where the same administrator would have made the final determination on both claims, <u>see</u> <u>Dozier</u>, 466 F.3d at 535; where the "denial of the easier-to-obtain claim precluded eligibility for the more difficult-to-prove claim," <u>id.</u>; or where the denial of one claim prohibits a claimant from receiving another claim's benefits, <u>Cilano</u>, 2005 WL 139172, at *2.

<u>Laird</u>, 442 Fed. Appx. at 200, 2011 WL 4597539, at 5. <u>Laird</u> involved an issue of whether a claimant whose STD claim had been denied was excused on futility grounds from exhausting her claim for LTD benefits. Based on the facts presented, the court found that the plaintiff had failed to show "a clear and positive indication" that "it [was] certain that his claim [would] be denied." <u>Id</u>. at 200 (citations omitted). The court held that to establish futility based on the denial of the separate claim for STD benefits, the plaintiff was required to have exhausted her claim for STD benefits, which she had not done; she had filed a STD claim but had failed to timely appeal the denial of her claim.

13

Id. at 201.  Moreover, different administrators had responsibility for determining benefit eligibility for the STD and LTD claims and the court saw no reason why one insurance company's denial of the plaintiff's STD benefits claim would influence another insurance company's determination of her LTD benefits claim since the insurance companies were "separate entities with different employees in charge of making coverage decisions."  Id.  Finally, the plaintiff had not presented evidence that would tend to demonstrate that the denial of her STD benefits claim would necessarily preclude her from obtaining LTD benefits.  Id.  As a result, the court concluded that Laird had not shown, with certainty, that her LTD claim would have been denied.  Id.

As was recognized in Laird, courts have found that exhaustion of a claim for LTD benefits would be futile where a claimant has exhausted a denied claim for STD benefits and there was no circumstance in which LTD benefits would be payable given the denial of STD benefits.  For example, in Young v. UnumProvident Corp., No. Civ. 01-2420 DWF/AJB, 2002 WL 2027285 (D. Minn. Sept. 3, 2002), the claimant's application for STD benefits was denied initially and on appeal through the policy's administrative review process.  After the claimant filed suit seeking STD and LTD benefits, the plan administrator moved for dismissal of the claim for LTD benefits for failure to exhaust.  The court determined that the claimant had exhausted her LTD claim, but it further held

14

that even had she not done so, such exhaustion would have been
futile because the STD and LTD plans had identical requirements
and claims under both plans were reviewed by the same
administrator.  Id. at 4.  The court reasoned:

> UNUM denied Young's STD claim and her appeals, stating
> that her medical condition did not warrant benefits
> under the STD Policy.  UNUM has not demonstrated any
> circumstances under which a plan participant could be
> denied benefits under an STD plan and still receive
> benefits under an LTD plan.  Thus, the denial of STD
> benefits clearly leads to the denial of LTD benefits,
> and any further exhaustion of Young's administrative
> remedies would have been futile.

Id.

Likewise, in Darensbourg-Tillman v. Robins, Kaplan, Miller &
Ciresi LLP Short Term Disability Plan, No. CV 04-2903 AHM(VBKx),
2004 WL 5603225 (C.D. Cal. 2004), the court found that the
plaintiff was excused from exhaustion of her claim for LTD
benefits on the basis of futility where she had undeniably
exhausted her claim for STD benefits.  Id. at 3.  There, given
that the policy definition of disabled for purposes of STD
benefits was less restrictive than the LTD definition of disabled,
the court found it "highly probable that the undisputed denial of
Plaintiff's claim for benefits under the STD plan means that any
claim under the LTD plan ... would also be denied[,]" and the
defendant had not shown how plaintiff could have been denied STD
benefits and still receive LTD benefits."  Id.  See also Welsh v.
Wachovia Corp., 191 Fed. Appx. 345, 2006 WL 1972108 (6th Cir. 2006)

15

(finding that the plaintiff's failure to apply for LTD benefits
was excused based on futility doctrine where the denial of the
maximum period of STD benefits effectively precluded him from
applying for LTD benefits); Blake v. Express Scripts, Inc., No.
4:09-CV-563 CAS, 2009 WL 2982894, at 3 (E.D. Mo. Sept. 14, 2009)
(finding on Rule 12(b)(6) motion to dismiss that plaintiff had
adequately pleaded exhaustion of all non-futile administrative
remedies where she alleged that she was unable to apply for LTD by
virtue of the denial of of her claim for STD benefits); Anthony v.
Layne Christensen Co., No. 5:04CV00295, 2005 WL 2875084, at 9-10
(E.D. Ark. Nov. 1, 2005) (although the court denied an earlier
motion for judgment on the pleadings finding that plaintiff's
allegation that he was precluded from applying for LTD benefits
adequately pleaded exhaustion of all non-futile administrative
remedies, court subsequently ruled on summary judgment that it
would dismiss claim for LTD benefits without prejudice to allow
plaintiff to exhaust LTD claim that had previously been filed and
was pending for administrative review); Authement v. Texaco, Inc.,
Civ. A. No. 93-1895, 1993 WL 390137 (E.D. La. Sept. 24, 1993)
(where plaintiff was not entitled to receive any LTD benefits
until all available STD benefits were received and plaintiff
claimed he was wrongly terminated from STD benefits, court held
that "it would be futile for plaintiff to attempt to obtain long-
term benefits until the uncertainty regarding his eligibility for

16

short-term benefits is finally resolved); cf. Walsh v. Life Ins.
Co. of North Am., Civ. A. No. 06-10845-GAO, 2007 WL 2343657, at 3
(D. Mass. Aug. 15, 2007) (finding that plaintiff was not excused
from exhaustion based on futility where STD and LTD plans defined
disability differently and in such a way that a claimant could
qualify for benefits under the LTD plan even if she did not
qualify for benefits under the STD definition).

In the case at bar, it is undisputed that Taylor exhausted
her administrative remedy as to her claim for STD benefits.
Further, the definition of disabled for purposes of the STD
coverage is the same as the LTD definition of disabled for the
first twelve months of LTD coverage and is less restrictive than
the policy definition of disabled for the remaining LTD coverage.
Morever, the same administrator that denied the STD claim would
make the final determination on the LTD claim.  Under these
circumstances, it is certain from the denial of Taylor's claim for
STD benefits that her claim for LTD benefits would also be denied.
Requiring administrative exhaustion of her claim for LTD benefits
at this time would be futile.

At the same time, however, there is no administrative record
that would support an award to Taylor of LTD disability benefits
by this court.  See Laird, 191 Fed. Appx. at 358.  In Bourgeois,
the Fifth Circuit identified the primary purposes of the
exhaustion requirement as: "(1) [upholding] Congress' desire that

17

ERISA trustees be responsible for their actions, not the federal courts; (2) [providing] a sufficiently clear record of administrative action if litigation should ensue; and (3) [assuring] that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*." <u>Denton</u>, 765 F.2d at 1300. <u>See also</u> <u>Harris</u>, 287 Fed. Appx. at 288, 2008 WL 2482348, at 4 (stating that federal court should not address issue that was not raised before the plan administrator because court "does not have the opportunity to review the plan administrator's resolution of the issue under an arbitrary and capricious standard").

In sum, while it would be futile for plaintiff to file an administrative claim for LTD benefits until her claim for STD benefits has been finally judicially resolved, nevertheless, given the absence of an administrative record, this court is not in a position to award her LTD benefits if she were to prevail on her claim for STD benefits. Therefore, the court concludes that her claim for LTD benefits should be dismissed without prejudice at this time, with the understanding that if plaintiff ultimately prevails herein on her claim for an award of STD benefits, she should then be given an opportunity to file a claim for LTD

benefits and pursue her administrative remedies.   <u>See</u> <u>Laird</u>, 191
Fed. Appx. 345, 359, 2006 WL 1972108, at 12.[3]

     Based on the foregoing, it is ordered that Prudential's
motion to dismiss plaintiff's claim for LTD benefits is granted,
and said claim is dismissed without prejudice so that Taylor, if
successful in the resolution of her claim for STD benefits, may
file and pursue an administrative claim for LTD benefits.

     SO ORDERED this 1st day of July, 2013.


                              /S/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE

---

     [3]     Obviously, if Taylor fails to establish that her claim
for STD benefits was wrongly denied, then it would follow that she
could not prevail on a claim for LTD benefits.

19